Robert Lum
FRN 95160-022
Federal Correctional Institution
P.O. Box 5000
Sheridan, OR 97378

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 28 2008

at 12 o'clock and ___ min. ___ M.
SUE BEITIA, CLERK


## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT LUM, | ) | |
|      Petitioner, | ) | CIV. NO. 07-00589 SOM/LEK |
| | ) | CR. NO.  03-00560 SOM |
| | ) | |
| vs. | ) | |
| | ) | PETITIONER'S TRAVERSE TO |
| | ) | THE GOVERNMENT'S RESPONSE |
| UNITED STATES OF AMERICA, | ) | |
|      Respondent, | ) | |
| _____ | ) | |


**COMES NOW**, Robert Lum pro se (hereinafter petitioner) submits this traverse to the government's  answer, to petitioners 28 U.S.C. §2255 motion to vacate, set-aside, or correct sentence.


### THE DISTRICT COURT VIOLATED PETITIONER'S DUE PROCESS RIGHTS UNDER FEDERAL RULE OF CRIMINAL PROCEDURES, RULE 11

There was a hearing for a Motion to Withdraw guilty Plea on November 18, 2004, before the honorable Magistrate Judge Barry M. Kurren. At that hearing the Magistrate is required to inquire of the Rule 11 rights under F.R.Cr.P.

Under Rule 11, the trial judge must personally inquire whether the petitioner understands the nature of the charge against him.. Rule 11 being designed to assist the district judge in making the constitutionally required determination that the guilty plea was truly voluntary, and to produce a complete record at the time the plea is taken. The government does not have the authority or the jurisdiction to inquire about any of the Rule 11 rights. The Rule 11 rights are the sole of the duty of the district court judge. Any noncompliance with these Rules constitutes reversible error, and entitles the petitioner to plead anew. This decision was made pursuant to the Supreme Court's "supervisory power" over the lower federal courts.

The United States Supreme Court and the United States Court of Appeals for the Ninth Circuit will not accept the noncompliance of Rule 11 argument, inwhich completely ignores the two purposes of Rule 11 and the reasons for its amendments, which became effective July 1, 1966.

Consequently, of the petitioners guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.

McCarthy v. United States, 349 US 459, 468, 22 L.Ed2d 418, 426, 89 S.Ct. 1166 (1969) "Having decided that the Rule has not been complied with, we must also determine the effect of the noncompliance, and issue that has engendered a sharp difference of opinion among the courts of appeals. In Heiden v. United States, 353 F.2d 53 (1965), the Court of Appeals for the Ninth Circuit held that when the district court dies not comply fully with Rule 11 the defendant's guilty plea must be set aside and his

case remanded for another hearing at which he may plead anew."

   United States v. Vonn, 211 F.3d 1109, 1112 (9th Cir. 2000)
"According to Rule 11, prior to accepting a guilty plea, "the
court must address the defendant personally in open court and
inform the defendant' of his rights F.R.Cr.P. 11(c). The Rule
then goes on to list the specific rights the court must explain
to the defendant. If the court fails to properly advise a defendant
of his rights under Rule 11(c), we typically allow him to withdraw
his guilty plea. See U.S. v. Odedo, 154 F.3d 937, 939 (9th Cir.
1998) (holding that where "the district court violated the requirements
of Rule 11 "it was necessary to remand so that [defendant] has
the opportunity to enter a new plea")."

   The government states that defendants claim(s) should be summarily
dismissed, because these issues were previously litigated before
JUdge Mollway, and affirmed in direct appeal . The government
is making false statements to this honorable court. The colloquy
rights and the intrapment sting were never raised at anytime.
If petitioner knew that these issues were suppose to be raised
at any level, they would have been. Petitioner relayed on his
attorney for everything, which was incorrect.

   The government is relitigating the issues of the withdraw
of petitioner's guilty plea. The withdraw of the guilty was never
raised in the initial §2255.

   Since the government raised the issue of the withdraw of the
guilty plea, petitioner requests to withdraw his guilty plea,
and plead anew.

## PETITIONER WAS DENIED EFFECTIVE COUNSEL
## AT THE CHANGE OF PLEA PROCEEDINGS

Petitioner had been denied effective counsel at the change
of plea proceedings, thus denying him his constitutional rights.

Counsel is a learned advocate of the law and is suppose to
make a diligent effort to  investigate and present any defense
in support of his client. Counsel must examine the indictment
and determine if the charging instrument makes out a crime. Whereas
in petitioner's case the indictment did not state with certianity
any element of the offense Russell v. United States, 369 US 749, 82
S. Ct. 1038, 8 L.Ed2d 240 (1962) and therefore petitioner was
not effectively represented. Had counsel fully researched the
issue and moved to dismiss, petitioner would have prevailed.

Counsel must also instruct his client on the evidence that
will be used and all possible defenses that are available. In
this way petitioner can make an intelligent decision and instruct
counsel as the a defense. Petitioner is not guilty of the alleged
crimes in the indictment to receive the mandatory minimum sentence
of 20 years (such harsh sentence for a small time role), and,
therefore would have taken his case before a jury and place the
government at its burden.

Here petitioner did not know who was required to obtain a
conviction and counsels performance was deficient, which meets
the first prong of Strickland, Strickland v. Washington, 466
US 668, 80 L.Ed2d 674 (1984). The second prong of Strickland
supra, is met because the outcome would have been different. The
indictment on its face did not list the elements and, second
the elements which constitute a conviction were not present in

this instant case.

Counsel's performance has prejudiced petitioner whereas he has suffered years of incarceration and is subject to many more years if the unconstitutional conviction is left standing, and would be a grave injustice.

Counsel did not perform under the prevailing standards of the A.B.A.. Counsel did not challenge the indictment, did not instruct petitioner as to the proper elements to sustain a conviction, and therefore counsel was ineffective

Petitioner has shown that counsel's performance has fell below that established under Strickland, supra. and he is entitled to have the case reversed based upon these grounds.

### CONCLUSION

Wherefore, for good cause shown this court should grant the relief requested or issue any other order necessary in the interest of justice.

PEtitioner "Notices" this court that it is the responsibility and rule, where federally protected rights have been invaded that courts will be alert to adjust their remedies so as to grant the necessary relief, Albemarle Paper Co. v. Moody, 422 US 405, 95 S.Ct. 2362, 45 L.Ed2d 280.

It is one of the equitable powers, inherent in every court of justice so long as it retains control of the subject matter and of the parties in a particular cause, to correct that which has been wrongfully done by virtue or its process. Arkadelphia Mill Co. v. St. Louis, Southwestern R. Co., 249 US 134, 39 S Ct

273, 63 L Ed2d 517.

Dated this 24 day of JANUARY, 2008.

Respectfully submitted,

Robert Lum

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was duly served upon the following person by depositing said copy in the United States mail, postage prepaid, as set forth below.

United States Attorney
District of Hawaii
300 Ala Moama Blvd.
Rm. 6100 PJKK Bldg.
Honolulu, Hawaii 96850

Dated this 24 day of JANUARY , 2008.

Robert Lum