```
               IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

ROBERT LUM                      )   Criminal No. 03-00560 SOM (01)
                                )   Civil No. 07-00589 SOM/LEK
            Petitioner,         )
                                )
       vs.                      )
                                )   ORDER DENYING PETITION FILED
UNITED STATES OF AMERICA,       )   UNDER 28 U.S.C. § 2255
                                )
            Respondent.         )
_____ )
```

                    ORDER DENYING PETITION
                  FILED UNDER 28 U.S.C. § 2255

I.      INTRODUCTION.

        Pursuant to a plea agreement, Defendant Robert Lum pled guilty before Magistrate Judge Barry M. Kurren on November 18, 2004, to a one-count Indictment charging him with conspiracy to distribute and possession with intent to distribute methamphetamine. The plea agreement limited Lum's right to appeal or collaterally attack his sentence. On December 8, 2004, the district judge accepted Lum's plea and adjudicated him guilty. Lum was sentenced to 240 months in prison, 10 years of supervised release, and a $100 special assessment. See Judgment in a Criminal Case (Dec. 2, 2005).

        On December 4, 2007, Lum moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petition"). In that Petition, Lum argues: 1) that his counsel was ineffective in not ensuring the adequacy of the colloquy under Rule 11 of the Federal Rules of Criminal Procedure; 2) that his counsel violated

his Due Process rights by failing to ensure that the court fully complied with Rule 11; 3) that the court violated his Due Process rights by not fully complying with Rule 11; and 4) that he was entrapped. In what Lum calls his "Traverse," filed on January 28, 2008, Lum also argues: 5) that his counsel was ineffective in failing to move to have the Indictment dismissed because it did not state the elements of the offense charged; and 6) that his counsel was ineffective in failing to ensure that Lum made an intelligent decision to plead guilty. For the reasons set forth below, Lum's Petition is denied. The court exercises its discretion to rule without a hearing. See Local Rule 7.2(d).

II.     ANALYSIS.

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. None of the arguments raised by Lum in his Petition or "Traverse" justifies § 2255 relief.

       A.  Lum Waived His Right To Challenge His Sentence or the Manner in Which it Was Determined Except With Respect to Claims of Ineffective Assistance of Counsel.

In his November 18, 2004, Memorandum of Plea Agreement, Lum "waive[d] his right to challenge his sentence or the manner

in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph 'b' below, or (2) based on ineffective assistance of counsel."  Mem. Plea Agreement (November 18, 2004) at 8.  Subparagraph b of the Memorandum of Plea Agreement provides that Lum "retains the right to appeal the upward departure portion of his sentence . . . ."  Id. at 9.  This court, in sentencing Lum, did not upwardly depart from the sentencing guidelines.  Therefore, the only basis for a § 2255 petition that has not been waived is a claim of ineffective assistance of counsel.

To the extent Lum's Petition asserts that the court violated his due process rights (ground 3) or that he was entrapped (ground 4), Lum waived those arguments in his plea agreement.[1]  In United States v. Anglin, 215 F.3d 1064, 1066-67 (9th Cir. 2000), the Ninth Circuit noted that it "regularly enforces 'knowing and voluntary' waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated pleas and do not violate public policy."  Id. at 1066 (internal citation omitted).  The Ninth Circuit has stated that waivers of

---

[1] In ground 2, Lum alleges that his counsel violated his due process rights by failing to ensure that the court complied with Rule 11.  The court treats this as a claim of ineffective assistance of counsel.  The ineffective assistance claims are addressed in Part II.B. below.

3

§ 2255 rights are similarly enforceable.  See United States. v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).  The court's colloquy with Lum when he pled guilty establishes that his waiver of his § 2255 rights was knowing and voluntary.  See Transcript of Proceedings (November 18, 2004) at 2-6.

> B. Lum cannot Proceed With The Ineffective Assistance of Counsel Claims That Were Previously Rejected or That Could Have Been Raised In the Trial or Appellate Court.

A § 2255 petition cannot be based on a claim that has already been disposed of by the underlying criminal judgment and ensuing appeal.  As the Ninth Circuit stated in Olney v. United States, 433 F.2d 161, 162 (9th Cir. 1970), "Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255."  To the extent Lum challenges the effectiveness of his counsel in connection with alleged deficiencies in the guilty plea colloquy, that matter was implicitly disposed of by this court when it declined to permit Lum to withdraw his guilty plea.  The Ninth Circuit affirmed this court's ruling.  The court recognizes, of course, that Lum's earlier express challenge to the guilty plea was based on his allegation that he was misinformed by his attorney about his sentence, not that the Rule 11 colloquy was deficient.  Nevertheless, the district court, in rejecting that challenge, had to review the Rule 11 colloquy and validate it.  Notably, the Ninth Circuit found no plain error in the district

4

court's ruling, and a material defect in the Rule 11 colloquy would presumably have been plain.

Even if this court had not been affirmed on an implicit ruling validating the guilty plea, the adequacy of the plea colloquy clearly could have been challenged earlier.  Thus, in United States v. Frady, 456 U.S. 152, 167-168 (1982), the court said, "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains."  Id.

Lum does not even attempt to demonstrate "cause."  That is, he does not show why he should not be deemed to have procedurally defaulted on his challenges to the Rule 11 colloquy, having failed to raise these issues earlier.[2]  See Davis v. United States, 411 U.S. 233, 242 (1973).  Lum is not raising the typical "ineffective assistance of counsel" claim that risks waiver of the attorney-client privilege.  Defendants may hesitate to bring such claims before completion of trial out of concern that the privilege waiver may be harmful to them.  Lum, however, is attacking an on-the-record proceeding.  His counsel's alleged

---

[2]Lum refers to Rule 11(c) of the Federal Rules of Criminal Procedure.  That rule has been renumbered and is now Rule 11(b) of the Federal Rules of Criminal Procedure.  This renumbered Rule 11(b) was in effect at the time Lum entered his guilty plea.

failings had to occur in open court, not in privileged communications.  This makes it particularly clear that Lum had no reason for failing to raise his concerns earlier.

Nor does Lum show "actual prejudice" resulting from any Rule 11 error.  Although the Ninth Circuit has ruled only in an unpublished opinion that a procedural default occurred when a petitioner failed to raise on direct appeal an allegedly insufficient Rule 11 plea colloquy, other circuits have so ruled in published opinions.  See, e.g., Premachandra v. United States, 101 F.3d 68, 69 (8th Cir. 1996) (holding that a § 2255 petition challenging the adequacy of a Rule 11 plea colloquy was barred by the petitioner's procedural default in failing to raise that issue on direct appeal).  Clearly, Lum procedurally defaulted on his argument that his Rule 11 plea colloquy was insufficient, and his argument is barred.

Even if the court considers Lum's ineffective assistance of counsel claim, that claim does not justify § 2255 relief.  To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).  There is "a strong presumption" that counsel's conduct was reasonable and that counsel's representation did not fall below "an objective standard of reasonableness" under "prevailing professional

norms." Id. at 688.  Even if a petitioner can overcome the presumption of effectiveness, the petitioner must still demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction," judicial scrutiny of counsel's performance is highly deferential. Id. at 689.

Lum claims that his defense counsel was ineffective in not ensuring that the Rule 11 plea colloquy was adequate.  Rule 11(b) sets forth the procedures for accepting a guilty plea.  To accept a guilty plea, a court must "address the defendant personally in an open court" and "inform the defendant of, and determine that the defendant understands, the following [rights.]"  Fed. R. Crim. P. 11(b)(1).

First, a court must inform the defendant of "the right to plead not guilty, or having already so pleaded, to persist in that plea."  Fed. R. Crim. P. 11(b)(1)(B).  When Lum pled guilty, the court told Lum in open court that he "certainly [had] the right to plead not guilty and persist in that plea and have a jury trial."  Transcript of Proceedings (November 18, 2004) [hereinafter Plea Proceedings] at 22.  The court asked Lum if he understood, and he replied that he did. Id. at 23.

Second, a court must inform the defendant of the right to a jury trial. Fed. R. Crim. P. 11(b)(1)(C). The court told Lum that, "by entering in this plea[,] you are waiving or giving up your right to have a jury determine that you conspired to distribute and to possess with intent to distribute 50 or more grams of methamphetamine." Plea Proceedings at 13. The court asked Lum if he understood, and he replied that he did. Id. at 13-14. The court later told Lum again that he "certainly [has] the right to . . . a jury trial." Id. at 22. When asked whether he understood this right, Lum stated that he did. Id. at 23.

Third, a court must inform the defendant of "the right to be represented by counsel--and if necessary [to] have the court appoint counsel--at trial and at every other stage of the proceeding." Fed. R. Crim. P. 11(b)(1)(D). The court told Lum that, at trial, he "would have the right to assistance of counsel for [his] defense." Plea Proceedings at 23. The court asked Lum if he understood, and he replied that he did. Id. Although the court did not tell Lum that he had a right to be represented by counsel at every other stage of the proceedings, Lum was indeed represented in other proceedings, and the record does not indicate prejudice in that regard. See Fed. R. Crim. P. 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights.").

Fourth, a court must inform the defendant of the "right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses." Fed. R. Crim. P. 11(b)(1)(E).  The court told Lum of these rights.  Plea Proceedings at 23 ("And in such a trial[,] you would have the right to assistance of counsel for your defense, the right to see and hear all of the witnesses, the right to have your attorney cross-examine them, the right to testify yourself, or to decline to testify and remain silent.  You also have the right to call witnesses on your own behalf and have--and have the Court issue subpoenas for . . . witnesses that you would wish to call in your defense.").  The court asked Lum if he understood these rights, and he replied that he did.  Id.

Fifth, a court must inform the defendant that a guilty plea waives these trial rights.  Fed. R. Crim. P. 11(b)(1)(F).  The court told Lum that, in pleading guilty, "[y]ou're giving up your right to a trial, [and] you're giving up also these other rights that I explained."  Plea Proceedings at 23.  The court asked Lum if he understood, and he replied that he did.  Id.

Sixth, a court must inform the defendant of the "nature of each charge to which defendant is pleading."  Fed. R. Crim. P. 11(b)(1)(G).  The court told Lum that, "in Count 1 of the indictment[,] you are charged with conspiracy to unlawfully

9

distribute and possess with intent to distribute in excess of 50 grams of methamphetamine." Plea Proceedings at 11-12. The court asked Lum if he understood, and he replied that he did. Id. at 12.

Seventh and eighth, a court must inform the defendant of any "mandatory minimum penalty" and "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1)(H) and (I). The court informed Lum that the charge carried a mandatory minimum sentence of imprisonment of 20 years and a maximum period of imprisonment of life. The court told Lum that "[t]he fine applicable here is $8 million" and that "supervised release [would be] . . . at least ten years and up to life." When asked if he understood these rights, Lum responded that he did. Plea Proceedings at 12-15.

Ninth, a court must inform the defendant of "the court's obligation to impose a special assessment." Fed. R. Crim. P. 11(b)(1)(L). The court told Lum that pleading guilty would trigger a $100 mandatory assessment. Plea Proceedings at 14-15. When asked if he understood, Lum responded that he did. Id. at 15.

Tenth, a court must inform the defendant of "the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some

circumstances." Fed. R. Crim. P. 11(b)(1)(M).  The court, conducting the colloquy pre-<u>Booker</u>, told Lum that this court "may be calculating [Lum's] sentence based on guidelines . . . issued by the United States Sentencing Commission" and that the validity of the guidelines was being challenged at the time.  Plea Proceedings at 15-16.  The court informed Lum that, "if the guidelines are . . . deemed to be valid[,] you've agreed to have the guidelines apply to your case."  <u>Id.</u> at 16.  The court also stated to Lum that "the Court has the authority in some circumstances to depart from the guidelines[,] . . . to impose a sentence that is either greater or . . . lower than what the guidelines call for."  <u>Id.</u> at 17.  When asked if he understood, Lum responded that he did.  <u>Id.</u>

Eleventh, the court must inform the defendant of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."  Fed. R. Crim. P. 11(b)(1)(N).  The court told Lum that, "[o]rdinarily, a defendant such as yourself would have the right to have a higher court review your case here in District Court."  Plea Proceedings at 10.  The court told Lum that he was "essentially giving up that right . . . by this agreement."  Plea Proceedings at 10.  The court explained that, under the agreement, an upward departure from the Sentencing Guidelines and ineffective assistance of counsel were his only grounds to challenge the judgment.  Plea

11

Proceedings at 10. When asked if he understood, he responded that he did. Id. The court further explained to Lum that, if he was unhappy with his sentence, "[t]here will not be . . . any basis or way in which the sentence can be reviewed." Id. at 10-11. Lum stated that he understood this. Id. at 11.

It appears that the magistrate judge neglected to tell Lum of "the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath." See Fed. R. Crim. P. 11(b)(1)(A). However, as no such prosecution has been instituted, Lum has not been prejudiced. Rule 11 also mentions "any applicable forfeiture" and restitution, Fed. R. Crim. P. 11(b)(1)(J) and (K), but neither forfeiture nor restitution was in issue.

Rule 11(h) states, "A variance from the requirements of this rule is harmless error if it does not affect substantial rights." For an error to "affect a substantial right, it must be prejudicial, i.e., the error 'must have affected the outcome of the district court proceedings.'" United States v. Jimenez-Dominguez, 296 F.3d 863, 867 (9th Cir. 2002) (quoting United States v. Olano, 507 U.S. 725, 735 (1993)); see also United States v. Villalobos, 333 F.3d 1070, 1074 (9th Cir. 2003) (noting that error is "harmless" when it is "minor or technical"). Nothing about the Rule 11 colloquy affected Lum's substantial

rights. Lum therefore shows no prejudice and cannot proceed with claims of ineffective assistance of counsel relating to the Rule 11 colloquy.

        C        Arguments Raised for the First Time in Lum's "Traverse" are Not Cognizable.

Lum's Petition raises four grounds for relief. In his "Traverse," which is essentially a reply brief in support of his Petition, Lum raises two new grounds for relief. He argues that his counsel was ineffective in failing to move to have the Indictment dismissed because it did not state the elements of the offense charged and in failing to ensure that Lum made an intelligent decision to plead guilty. In accordance with its local rules, this court disregards arguments raised for the first time in a reply brief. See Local Rule 7.4 ("A reply must respond only to arguments raised in the opposition. Any arguments raised for the first time in the reply shall be disregarded."). Even if the court considers these arguments, they do not justify § 2255 relief. First, Lum does not show "cause" for his failure to raise the issues earlier. See Frady, 456 U.S. at 167-68. Second, Lum does not show "actual prejudice." Id.

Lum procedurally defaulted on his argument that the Indictment was deficient. Lum does not explain why he did not raise this issue on appeal. With respect to any prejudice relating to alleged deficiencies in the Indictment, Lum neither identifies specific deficiencies nor indicates the basis on which

a motion to dismiss the Indictment would have been granted. The Indictment itself appears to state every element of the offense charged, so, even had defense counsel moved to dismiss it for failure to allege elements, the court would have denied the motion.

   Lum similarly fails to show prejudice resulting from his counsel's alleged ineffectiveness in failing to ensure that Lum made an intelligent decision to plead guilty. Lum protests that he is not guilty of the alleged crime and did not understand what evidence would have been used against him at trial. See Traverse at 4. This argument is belied by the discussion Lum had when he changed his plea to guilty. During his change of plea hearing, the court asked Assistant United States Attorney Louis A. Bracco to summarize the facts that would be presented at trial. Bracco indicated that the Government had wiretap evidence indicating that Donald Morton had arranged with Lum "to provide quantities of methamphetamine and crystal methamphetamine" to Lum so that Lum could sell it to Lum's customers. Plea Proceedings at 25-26. Bracco also represented that Morton, who had pled guilty and had agreed to cooperate with the Government, would have testified about the telephone calls on the wiretap tape, as well as his arrangements to provide Lum with methamphetamine on multiple occasions and to give Lum more than 50 grams of actual methamphetamine during the course of the conspiracy. Id. at 26.

The court asked Lum whether Bracco's recitation accurately described Lum's involvement.  Lum indicated that it did and that all of the facts were true and correct.  Id. at 27.  Lum then stated in his own words, "I take full responsibility of accepting the drugs from Donald Morton and distributing it" and agreed that the activity involved at least 50 grams of methamphetamine.  Id.

IV.     CONCLUSION.

For the reasons set forth above, Lum's § 2255 Petition is denied without a hearing.  The Clerk of Court is directed to send a copy of this order to: (1) Lum, (2) Louis A. Bracco, 300 Ala Moana Blvd. #6100, Honolulu, Hawaii 96850, and (3) Emmett Lee Loy, 758 Kapahulu Ave., #429, Honolulu, Hawaii 96816.  The Clerk of Court is also directed enter judgment for the United States and to close this matter.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 11, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Lum, Crim. No. 03-00560 SOM (01); Civ. No. 07-00589 SOM/LEK; ORDER DENYING PETITION FILED UNDER 28 U.S.C. § 2255